UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PROJECT CONSULTING                              CIVIL ACTION
SERVICES, INC.

VERSUS                                          NO: 15-1652

NVI, LLC and PIPELINE SAFETY,                   SECTION: R
LLC d/b/a PIPELINE SAFETY AND
COMPLIANCE

## ORDER AND REASONS

Plaintiff Project Consulting Services, LLC ("Project Consulting") moves the Court to dismiss defendant Pipeline Safety, LLC's ("Pipeline Safety") counterclaim under Federal Rule of Civil Procedure 12(b)(6).[1]  Project Consulting also moves to strike affirmative defenses raised by Pipeline Safety and defendant NVI, LLC under Federal Rule of Civil Procedure 12(f).[2]  For the following reasons, the Court denies both motions.

## I.    BACKGROUND

This is a trademark infringement and unfair competition case.  Plaintiff Project Consulting is an engineering firm that provides design engineering,

_____

[1] R. Doc. 47.

[2] R. Doc. 45.

project engineering, construction management, inspection, traceability, and records management services for companies in the oil and gas industry.[3] Since 1992, Project Consulting has delivered its goods and services under the marks PROJECT CONSULTING SERVICES and PCS.[4] Project Consulting owns nine federal trademark registrations protecting its PROJECT CONSULTING SERVICES and PCS-related marks (the "PCS Marks").[5]

Defendant NVI provides non-destructive testing, inspection, stress relieving, mechanical integrity, and project management services.[6] According to Project Consulting, NVI established defendant Pipeline Safety in or around 2010 to provide traceability and records management services.[7] After its formation, Pipeline Safety allegedly began trading under the name "Pipeline Safety and Compliance."[8] According to Project Consulting, customers and vendors inevitably shorten this name to "PSC"--an abbreviation that, Project Consulting contends, is confusingly similar to Project Consulting's PCS

---

[3] R. Doc. 37 at 2.

[4] *Id.* at 3.

[5] *Id.* at 3-6.

[6] *Id.* at 6; *see also* R. Doc. 39 at 4 (NVI, LLC's answer, admitting plaintiff's allegation).

[7] *Id.* at 7.

[8] *Id.*

2

Marks.[9]  Project Consulting alleges that NVI and Pipeline Safety adopted the "Pipeline Safety and Compliance" or "PSC" name in an intentional effort to trade on Project Consulting's goodwill in the engineering and construction industries.[10] On April 17, 2015, Project Consulting sent defendants a cease and desist letter, but defendants continued their alleged misconduct.[11]

On May 18, 2015, Project Consulting filed this lawsuit against NVI and Pipeline Safety.[12]  In its Second Amended Complaint, Project Consulting alleges trademark infringement and false designation of origin under the Lanham Act.[13]  NVI and Pipeline Safety each filed an answer, in which each defendant asserts five affirmative defenses.[14]  Pipeline Safety also filed a counterclaim seeking cancellation of Project Consulting's federal registration of four of the PCS Marks.[15]  According to Pipeline Safety, the PCS Marks are not entitled to trademark protection because they are merely descriptive of

---

[9] *Id.*

[10] *Id.* at 7-8.

[11] *Id.* at 8.

[12] R. Doc. 1.

[13] R. Doc. 37.

[14] R. Docs. 38, 39.

[15] R. Doc. 44.

Project Consulting's goods and services and have not attained secondary meaning.

Project Consulting moves to dismiss Pipeline Safety's counterclaim under Federal Rule of Civil Procedure 12(b)(6).[16]   Project Consulting also moves to strike three of defendants' affirmative defenses on the grounds that they are inadequately pleaded and inject redundant and immaterial issues.[17]

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir.

_____

[16] R. Doc. 47.

[17] R. Doc. 45.

4

2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.*  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 257.  If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Twombly*, 550 U.S. at 555.

### B.   Motion to Strike

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice."  *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[M]otions to strike a defense are generally disfavored."); *Synergy Mgmt., LLC v. Lego*

*Juris A/S*, No. 07–5892, 2008 WL 4758634, at *1 (E.D. La. Oct. 24, 2008) ("[M]otions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted."). Even when motions to strike are well-founded, they are not to be granted "in the absence of a showing of prejudice to the moving party." *Abene v. Jaybar*, 802 F. Supp. 2d 716, 723 (E.D. La.2011).

## III.  DISCUSSION

### A.  Project Consulting's Motion to Dismiss Pipeline Safety's Counterclaim

In its counterclaim, Pipeline Safety seeks cancellation of Project Consulting's registration of four of the PCS Marks. According to Pipeline Safety, the challenged PCS Marks are "descriptive" marks that, having failed to acquire secondary meaning, are not entitled to trademark protection.[18] Project Consulting moves to the dismiss for failure to state a claim.

In any lawsuit involving a registered trademark, a district court has the power to cancel the registration of marks that are not legally protectable. 15 U.S.C. § 1119 ("In any action involving a registered mark the court may . . . order the cancellation of registrations. . . ."); *Nola Spice Designs, L.L.C. v.*

---

[18] R. Doc. 44 at 2-3.

*Haydel Enterps., Inc.*, 783 F.3d 527, 537 (5th Cir. 2015).  To be protectable, "a mark must be capable of distinguishing the applicant's goods from those of others, or stated another way, a mark must be distinctive."  *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 566 (5th Cir. 2005) (quoting *Sugar Busters, LLC v. Brennan*, 177 F.3d 258, 267–68 (5th Cir. 1999)).  A mark is inherently distinctive "if its intrinsic nature serves to identify a particular source" of a product.  *Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 210 (2000).  In the context of word marks, marks that are "arbitrary," ("Camel" cigarettes), "fanciful" ("Kodak" film), or "suggestive" ("Tide" laundry detergent) are inherently distinctive and entitled to protection.  *Test Masters*, 428 F.3d at 566 (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)).

"Descriptive" marks, by contrast, are not inherently distinctive.  *Nola Spice*, 783 F.3d at 537.  A descriptive mark "identifies a characteristic or quality of an article or service, such as its color, odor, function, dimensions, or ingredients."  *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 241 (5th Cir. 2010) (quoting *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 790 (5th Cir. 1983), *abrogated on other grounds*, *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111 (2004)).  As the Fifth Circuit has explained, "[e]xamples of descriptive marks would include 'Alo'

with reference to products containing gel of the aloe vera . . . and 'Vision Center' in reference to a business offering optical goods and services." *Zatarains*, 698 F.2d at 790.  Because descriptive marks do not inherently identify a product's source, they are protectable as trademarks only if they have acquired "secondary meaning."  *Test Masters*, 428 F.3d at 566.  A descriptive mark acquires secondary meaning "when, in the minds of the public, the primary significance of the mark is to identify the source of the product rather than the product itself."  *Nola Spice*, 783 F.3d at 543 ; *see also Zatarains*, 698 F.2d at 795.  While Project Consulting's registration of the challenged marks with the Patent and Trade Office constitutes *prima facie* evidence of their validity, Pipeline Services may rebut this presumption by establishing that the marks are not inherently distinctive.  *Amazing Spaces*, 608 F.3d at 237.

In its counterclaim, Pipeline Services alleges that Project Consulting's registration of four of the PCS Marks should be cancelled because the marks are descriptive marks that have not acquired secondary meaning.  Project Consulting raises two arguments for dismissal.  First, Project Consulting argues that Pipeline Safety has failed to allege sufficient facts to support

cancellation of the challenged marks.[19]   "Threadbare recitals of a cause of action's elements" are insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 663.  Pipeline Safety, however, rests its claim on allegations of fact about the words of the PCS marks and the products and services to which the marks are applied.  It alleges, for instance, that Project Consulting provides goods and services under its marks--engineering and project services, data collection, construction management software, etc.--that are properly characterized as "project consulting services."[20]   It further alleges that the marks have not attained secondary meaning because purchasers do not associate the marks with Project Consulting alone.[21]  Based on these factual allegations, Pipeline Safety has sufficiently pleaded a claim for cancellation of Project Consulting's registration of the challenged PCS Marks.[22]  *See Aureflam*

---

[19] R. Doc. 47-1 at 8-10.

[20] R. Doc. 44 at 2.

[21] *Id.* at 3.

[22] This holds true for the PCS Marks that employ the words "project consulting services," as well as the marks that use the letters "PCS."  In its counterclaim, Pipeline Safety alleges that "PCS" is "simply the acronym for project consulting services . . . [and] merely describe the characteristics and types of goods and services provided under the marks. . . ."  R. Doc. 44 at 3.  Taking this allegation as true, and drawing all reasonable inferences in Pipeline Safety's favor, the counterclaim sufficiently pleads a claim for cancellation of the marks containing an abbreviation of the allegedly descriptive term. *See Society of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners Inc.*, 41 F.3d 223, 227 n. 5 (5th Cir. 1995) ("[I]f the full name is generic, an abbreviation is treated similarly."); *see also* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 7:11 (4th ed.) ("If a series of letters is merely a recognizable abbreviation

*Corp. v. Pho Hoa Phat I, Inc.*, 375 F. Supp. 2d 950, 953 (N.D. Cal. 2005) (denying motion to dismiss trademark cancellation claim when claimant provided factual allegations concerning the meaning of the allegedly generic term).

Project Consulting's second argument, which it also raises in its motion to strike, is that Pipeline Safety made a judicial admission in an earlier brief that precludes its argument that the PCS Marks are descriptive in nature.[23] In an earlier version of its counterclaim, Pipeline Safety alleged that the challenged PCS Marks were either descriptive or generic. After Project Consulting moved to dismiss, Pipeline Safety argued in opposition that "Project Consulting Services' marks . . . tell consumers nothing of who Project Consulting Services is or even what it does."[24]

Contrary to Project Consulting's assertion, this statement does not constitute a judicial admission that the PCS marks are not descriptive. To qualify as a judicial admission, a statement must be "deliberate, clear, and unequivocal." *Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319, 329

---

for a descriptive or generic term, the abbreviation is also classified as descriptive or generic.").

[23] R. Doc. 47-1 at 6.

[24] R. Doc. 19 at 1.

(5th Cir. 2001). The statement in Pipeline Safety's brief does not meet this standard. Although Pipeline Safety asserted that the PCS Marks "tell consumers nothing" about Project Consulting's services, it argued in the same brief that the PCS Marks are descriptive, lacking in secondary meaning, and not entitled to trademark protection.[25] In addition, Pipeline Safety has since amended its counterclaim. Although it has removed its allegation that the PCS Marks are generic, Pipeline Safety continues to claim that the challenged marks are merely descriptive of Project Consulting's goods and services. Under these circumstances, Pipeline Safety's claim that PCS Marks "tell consumers nothing" does not constitute an "deliberate, clear, and unequivocal" admission against the position that Pipeline Safety has taken throughout this lawsuit--that the PCS Marks are descriptive and not entitled to trademark protection. *Id.*; *see also United States v. Chavez-Hernandez*, 671 F.3d 494, 501 (5th Cir. 2012) ("[F]or a statement of counsel to qualify as a judicial admission it must be made intentionally as a waiver, releasing the opponent from proof of fact."); *Mar. Madness Athletic Ass'n, L.L.C. v. Netfire, Inc.*, 310 F. Supp. 2d 786, 811 (N.D. Tex. 2003), *judgment entered*, No. 3:00-CV-0398-R, 2003 WL 22173299 (N.D. Tex. Sept. 18, 2003), *and aff'd*

---

[25] *Id.* at 6 (arguing that Pipeline Services has adequately alleged that Project Consulting's marks are either "generic or descriptive and lacking in secondary meaning").

*sub nom.* 120 F. App'x 540 (5th Cir. 2005) (refusing to treat statement that "can be construed to mean different things" as a conclusive judicial admission).

Moreover, it is "well-established that trial judges are given broad discretion to relieve parties from the consequences of judicial admissions in appropriate cases." *Kiln Underwriting Ltd. v. Jesuit High Sch. of New Orleans*, No. CIV.A. 06-4350, 2008 WL 4724390, at *12 (E.D. La. Oct. 24, 2008) (quoting *Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 406 (D.N.J. 2000)).  This is such a case.  Even if Pipeline Safety's statement could be interpreted as a judicial admission, the statement appeared in a brief that Pipeline Safety filed at an early stage of this litigation and that is now moot because the parties amended their pleadings.  Its earlier statement notwithstanding, Pipeline Safety's live pleadings plausibly allege that the challenged PCS Marks are descriptive.  And Project Consulting has not shown that it was prejudiced by Pipeline Safety's earlier assertion.  Thus, the Court finds it inappropriate to resolve an important issue of trademark validity on the basis of a single sentence in an opposition brief.  *See id.* ("Litigation is not a game of 'gotcha,' and the Court declines to resolve a hotly contested coverage issued based on an honest mistake.").  The Court therefore finds that Pipeline Safety's claim that the challenged PCS Marks are descriptive is not

barred by any supposed admission of non-descriptiveness.   Project Consulting's motion to dismiss Pipeline Safety's counterclaim is denied.

### B.   Project Consulting's Motion to Strike Affirmative Defenses

Project Consulting also moves to strike certain affirmative defenses from answers filed by defendants Pipeline Safety and NVI.   Specifically, Project Consulting asks the Court to strike the second, third, and fifth affirmative defenses pleaded by each defendant.   In both defendants' answers, the second affirmative defense is that four of Project Consulting's PCS Marks are not protectable because they are descriptive marks that have not acquired secondary meaning.   The allegations in the answers are nearly identical to the allegations in Pipeline Safety's counterclaim--as are Project Consulting's arguments for why the defenses are insufficient.[26]   Project Consulting's arguments therefore fail for the reasons discussed above, and its motion to strike the second affirmative defense is denied.   Thus, the only remaining issue is whether the Court should strike each defendant's third affirmative defense (no likelihood of confusion) and/or fifth affirmative defense (no entitlement to Pipeline Safety's and NVI's profits).

---

[26] *Compare* R. Doc. 44 at 2-3 *with* R. Doc. 38 at 10-11; R. Doc. 39 at 39 at 9.

Although Federal Rule of Civil Procedure 12(f) allows the Court to strike affirmative defenses, such motions are disfavored and should not be granted "in the absence of a showing of prejudice to the moving party." *Abene*, 802 F. Supp. 2d at 723 (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1381 (3d ed. 2004)).  Project Consulting argues that the third and fifth affirmative defenses do not actually assert defenses but, rather, repeat defendants' denials of the allegations in Project Consulting's complaint.  Whatever the merits of this argument, Project Consulting has not shown that it would be prejudiced by denial of its motion to strike the challenged defenses.  Project Consulting vaguely suggests that if the defenses are not stricken, it will be forced to engage in "unnecessary discovery."[27]  But according to Project Consulting's argument--that the defenses are redundant denials of the allegations in its complaint--the challenged portions of defendants' answers go to elements of Project Consulting's own claims, on which the parties are already required to engage in discovery.  Absent some plausible showing of prejudice, Project Consulting's motion to strike affirmative defenses three and five must be denied.  *See id.* (denying motion to strike defenses because plaintiff failed to show prejudice).

---

[27] R. Doc. 45-1 at 11, 12.

## IV.   CONCLUSION

For the foregoing reasons, Project Consulting's motion to dismiss Pipeline Service's counterclaim is DENIED.  Project Consulting's motion to strike defendants' affirmative defenses is DENIED.


New Orleans, Louisiana, this  8th  day of April, 2016.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

15